

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
Boston Regional Office
33 Arch St., 24th Floor
Boston, MA 02110
Telecopier:  (617) 573-4590

September 10, 2020

**BY ECF**
Honorable Frederic Block
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY  11201

RE:   *Securities and Exchange Commission v. Berko*, No. 1:20-cv-1789-FB-CLP

Dear Judge Block:

I am counsel for the Securities and Exchange Commission ("Commission") in the above-referenced case.  I am filing this letter pursuant to section 2.A of your Honor's Individual Motion Practice and Rules, and Local Rule 37.3(c) to ask that the Court schedule a pre-motion conference to address the Commission's request to serve the complaint and summons on defendant Asante Berko ("Berko") under Fed. R. Civ. P. ("FRCP") 4(f)(3) by email and by serving his United States counsel.

**Background**:

The Commission filed its Complaint on April 13, 2020, alleging that Berko violated the Foreign Corrupt Practices Act by scheming with his client to bribe government officials in Ghana so that his client would win a contract to build a power plant in Ghana and sell power to the Ghanaian government.  *See* Dkt. No. 1, ¶¶1-3.  Berko currently resides in Ghana.  Once the Complaint was filed, the Commission issued a litigation release on its public website describing the case.  *See SEC Charges Former Executive of Financial Services Company with FCPA Violations*, available at https://www.sec.gov/litigation/litreleases/2020/lr24794.htm.  The press in Ghana reported that Berko denied the Commission's charges, needing to "set the record straight."  *See I got $2m from Turkish power deal –TOR Boss,* available at https://www.ghanaweb.com/GhanaHomePage/NewsArchive/I-got-2m-from-Turkish-power-deal-TOR-boss-924508.  As reported in Bloomberg, Berko also stepped down as the head of Ghana's state-owned oil refinery after this case was filed.  *See Ex-Goldman Banker Quits Ghana Refinery after SEC Bribe Claim*, available at https://www.bloomberg.com/news/articles/2020-04-15/ex-goldman-banker-quits-ghana-oil-refinery-after-sec-bribe-claim.  These publications, which describe Berko's reaction to the filing of this case, demonstrate that he is on notice of the Commission's claims and has disputed them publicly.

**Relief Requested**

The Commission seeks the Court's authorization to serve Berko both by email and by serving his United States counsel in accordance with FRCP 4(f)(3).  Service by email is not prohibited by any international agreement with Ghana, it comports with due process, and it is

1

appropriate here. Service on Berko's United States counsel should also be allowed as a secondary means of service.

1. **Legal Framework**

Ghana is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") so service under FRCP 4(f)(1) is not available. Further, the current pandemic makes in-person forms of service such as those contained in FRCP 4(f)(2) disfavored. FRCP 4(f)(3) allows for service on individuals in foreign countries by "other means not prohibited by international agreement, as the court orders." A plaintiff is not required to attempt service through other provisions of Rule 4(f) before seeking service under FRCP 4(f)(3). *See In re Grana y Montero S.A.A. Sec. Litig.*, No. 17-CV-1105, 2019 WL 259778, *3 (E.D.N.Y. Jan. 9, 2019), *report and rec. adopted,* 2019 WL 1046627 (E.D.N.Y Mar. 5, 2019); *Wash. State Inv. Bd. v. Odebrecht S.A*, No. 17 Civ. 8118 (PGG), 2018 WL 6253877, *3-4 (S.D.N.Y. Sept. 21, 2018) (party need not exhaust other subsections of FRCP 4(f) before seeking leave for alternative service under FRCP 4(f)(3)). Further, courts have broad discretion to authorize various methods to serve defendants residing in foreign jurisdictions. *See United States v. Besneli*, No. 14 Civ. 7339 (JFK), 2015 WL 4755533, *1 (S.D.N.Y. Aug. 12, 2015). Specifically, courts have discretion to order *any* method of service under FRCP 4(f)(3) that is not prohibited by international agreement and "comports with constitutional notions of due process." *SEC v. Anticevic*, No. 05 Civ. 6691, 2009 WL 361739, *3 (S.D.N.Y. Feb. 13, 2009); *SEC v. Shehyn*, No. 04 Civ. 2003 (LAP), 2008 WL 6150322, *3 (S.D.N.Y. Nov. 26, 2008) ("[FRCP 4(f)(3)] gives considerable discretion to the district courts to fashion methods for appropriate international service."). Due process require that any means of service be "reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Anticevic*, 2009 WL 361739, *4.

2. **Service by Email Comports with Due Process and is Appropriate Here.**

The Commission's request to serve Berko through his Gmail email address satisfies constitutional due process requirements because it is reasonably calculated to provide him with notice of this action and give him the opportunity to respond. *See Dev. Specialists, Inc. v. Sullivan (In re Coudert Bros. L.L.P.)*, No. 17-CV-3619 (KMK), 2020 WL 373838, *2 (S.D.N.Y. Jan. 23, 2020) ("[F]ederal courts have recognized that service by e-mail as to foreign defendants generally meets the due process requirements of alternative service under Fed. R. Civ. P. 4(f)(3) where no international agreement explicitly disavows such service."); *FTC v. Pecon Software Ltd.*, No. 12 Civ. 7195 (PAE), 2013 WL 4016272, *5 (S.D.N.Y. Aug. 7, 2013); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 WL 725412, *2 (S.D.N.Y. Mar. 12, 2007) (because defendants corresponded regularly via email and email was likely to reach them, service by email was reasonably calculated to apprise defendants of the pending action). No international agreements with Ghana prohibit email service.

The Commission seeks leave to serve the Complaint and the Summons on Berko by sending it to [berkos@gmail.com](mailto:berkos@gmail.com), which Berko has used for numerous years for both work and for personal use. This is the email address referenced in the Complaint that Berko used to hide the scheme from his employer's compliance department and through which Berko sent and received many of the communications quoted in the Complaint. *See e.g.,* Complaint ¶¶58, 60, 62-63, 64.a. Particularly where Berko's statements to the Ghanaian press demonstrate his awareness of the Complaint and its allegations, due process is satisfied by permitting the

Commission to serve him by email.  *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (alternative service need only be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

### 3. Service On Counsel Comports with Due Process and is Appropriate Here.

Courts have approved service on United States counsel as an alternative means of service under FRCP 4(f)(3) without requiring any specific authorization by the defendant for the lawyer to accept service on his behalf.  *See In re Grana*, 2019 WL 259778, *4 (courts have permitted service on domestic counsel even when the address of the defendant was known or not trying to evade service); *Ehrenfeld v. Mahfouz*, No. 04 Civ. 9641 (RCC), 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) (ordered certified mail service on defendant's counsel despite refusal to accept service); *KPN B.V. v. Corcyra D.O.O.*, No. 08 Civ. 1549 (JGK), 2009 WL 690119, *1 (S.D.N.Y. Mar. 16, 2009) (ordered service on counsel despite defendant's refusal to authorize service).  For a court to order service on counsel, courts have considered whether counsel has been in adequate recent contact with their client.  *See Zhang v. Baidu.Com Inc.*, 293 F.R.D. 508, 514 (S.D.N.Y. 2013) (counsel represented corporation continuously for nine months); *Enrenfeld*, 2005 WL 696769, *3 (service satisfies due process if counsel is in contact with defendant).  Moreover, courts have allowed service on domestic counsel where it is likely that the defendant has actual notice of the litigation.  *See In re Grana*, 2019 WL 25977, *5; *Zhang*, 293 F.R.D. at 514; *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No.: 11-CV-02460-LHK, 2011 WL 2607158, *13-14 (N.D. Cal. July 1, 2011) (allowed service on U.S counsel where Indian defendants had actual notice of the litigation).

Here, Berko's United States counsel have been in contact with their client since this case was filed.  Berko's United States counsel represented him during the Commission's investigation that preceded the filing of this case.  On the day this action was filed, the Commission sent a copy of the Complaint to United States counsel to ask if they would accept service on behalf of Berko.  The Commission had follow-up communications about whether counsel could accept service on behalf of his client.  In May, counsel commenced representing Berko for the purpose of settlement and since May, the Commission's counsel and Berko's counsel have had several conversations about the terms of a potential settlement.  Under these circumstances, service on Berko's United States counsel is appropriate.  The Commission seeks leave to serve that counsel by email and overnight mail to their business addresses.

### Conclusion

The Commission respectfully requests that the Court schedule a telephonic pre-motion conference at which to discuss its request to serve Berko by email and through his United States counsel.  Berko's United States counsel is not in a position to assent to the relief that the Commission seeks.  The Commission will serve this letter on them.

Respectfully submitted,

*Kathleen Shields*

Kathleen Burdette Shields