UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,
                      Plaintiff,

v.

ASANTE K. BERKO,

                      Defendant.

Civil Action No. 1:20-cv-1789-FB-MMH

**FINAL JUDGMENT AS TO DEFENDANT ASANTE BERKO**

The Securities and Exchange Commission having filed a Complaint and Defendant Asante Berko having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 30A of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §78dd-1] which prohibits any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or which is required to file reports under Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)], or for any officer, director, employee or agent of such issuer or any stockholder thereof acting on behalf of such issuer, from making use of the mails or any means or instrumentality of interstate commerce corruptly, or by corruptly doing any act outside the United States, in furtherance of an offer, payment, promise to pay, or authorization of the

payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to:

(1) any foreign official for purposes of:

   a. (i) influencing any act or decision of such foreign official in his or her official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

   b. Inducing such foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influed any act or decision of such government or instrumentality;

   in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person;

(2) any foreign political party or official thereof or any candidate for foreign political officer for purposes of:

   a. (i) influencing any act or decision of such party, official or candidate in its, his or her official capacity, (ii) inducing such party, official or candidate to do or omit to do any act in violation of the lawful duty of such party, official or candidate, or (iii) securing any improper advantage; or

   b. inducing such party, official or candidate to use its, his or her influence with a foreign government or instrumentality thereof to affect or influed any act or decision of such government or instrumentality;

   in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person; or

(3) any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official, to any foreign political party or official thereof, or to any candidate for foreign political office for purposes of:

a. (i) influencing any act or decision of such foreign official, political party, party official or candidate in its, his or her official capacity, (ii) inducing such foreign official, political party, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, or candidate, or (iii) securing any improper advantage; or

b. inducing such foreign official, political party or candidate to use its, his or her influence with a foreign government or instrumentality thereof to affect or influed any act or decision of such government or instrumentality;

in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $275,000, representing alleged net profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of $54,163.92. The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles. Defendant shall satisfy these obligation(s) by paying $329,163.92 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

    Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Berko as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

    Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

    The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to,

moving for civil contempt at any time after 30 days following entry of this Final Judgment.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. §1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: \_\_\_\_\_June 23\_\_\_\_\_, 2021

/S/ Frederic Block
UNITED STATES DISTRICT JUDGE